**Annie B. WOOD, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

No. ST–C–82–126.

United States District Court,
W.D. North Carolina,
Statesville Division.

March 1, 1983.

James W. Partin, Elkin, N.C., for plaintiff.

Clifford C. Marshall, Jr., Chapel Hill, N.C., for defendant.

MEMORANDUM AND ORDER

POTTER, District Judge.

THIS MATTER coming on to be heard and being heard before the undersigned United States District Court Judge for the Western District of North Carolina on the 24th day of January, 1983, at the United States Courthouse in Statesville, North Carolina, on Plaintiff's motion for remand and cross-motions for summary judgment; and,

Mr. James W. Partin, Attorney at Law, having appeared for the Plaintiff, and Mr.

Clifford C. Marshall, Attorney at Law, having appeared for the Defendant; and,

The Court having heard the oral arguments of counsel and reviewed the transcript and Memoranda of Law submitted, and being of the opinion that the findings of fact by the Administrative Law Judge were inadequate to determine whether the Plaintiff: (1) meets or equals the Secretary's "Listing," (2) if not, is she prevented by her nonexertional and exertional impairments from performing her past relevant work, and, (3) if she is so prevented, retains the residual functional capacity to perform other work which exists in significant numbers in the national economy, so that remand of this matter is necessary, enters the following Memorandum and Order:

## DISCUSSION

A claimant for disability benefits, bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1502; *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972). An individual is "disabled" under the statute if "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months" the individual is unable "to engage in substantial gainful activity." 42 U.S.C. § 423(d)(1)(A).

This Court reviews the decision of the Administrative Law Judge for the following determinations:

(1) Is the Plaintiff currently engaged in substantial gainful activity;

(2) if not, is there a finding of a severe impairment;

(3) if so, does the impairment meet or equal the "Listings" (20 C.F.R. Part 4, Subpart P, App. 1);

(4) if not, does the impairment or combination of impairments prevent the Plaintiff from performing past relevant work;

(5) if so, what is the Plaintiff's residual functional capacity, taking into consideration the exertional and nonexer-

tional limitations, using the "grids" of 20 C.F.R. Part 4, Subpart P, App. 2, § 200.00, where applicable. *Id.* at § 200.00(d).

In the case at bar, the Plaintiff, born on October 22, 1926, [Tr. 25], with an eighth grade education [Tr. 27], and past relevant work experience as a sewing machine operator [Tr. 123–128], filed her second application for disability benefits on April 23, 1981 [Tr. 99–102], and alleges disability due to impairments in five systems:

musculoskeletal

special sense (hearing)

cardiovascular

neurological

mental

On January 21, 1982, the Administrative Law Judge found impairments of the vascular, musculoskeletal, and psychic systems, but concluded that these impairments did not prevent the Plaintiff from engaging in substantial gainful activity [Tr. 14]. In reaching his decision, the Administrative Law Judge did not order a psychiatric consultative exam, although the Plaintiff's counsel had requested such exam both by letter on October 16, 1981 and by formal request at the hearing on November 19, 1981 [Tr. 53]. There was evidence on the record and during the hearing that a psychiatric examination was required. On an application submitted July 24, 1981, a Social Security interviewer noted that the Plaintiff "seem[ed] to have problems understanding my questions . . . [which the interviewer] had to rephrase . . . several times." [Tr. 133]. At the hearing she cried [Tr. 34], and the Administrative Law Judge noted in his decision that she was depressed, apparently on his own diagnosis. [Tr. 13].

The Plaintiff obtained a psychologist's evaluation for the Appeal's Council, that revealed the Plaintiff's lowest score on WAIS intelligence test to be 69. The Appeals Council did not consider this report in light of 20 C.F.R. Part 404, Subpart P, App. 1, § 12.05(c), and did not consider the combined effect of exertional and nonexertional impairments upon her residual functional capacity and the existence of jobs in the

**32**

national economy in significant numbers for someone with her limitations. 20 C.F.R. Part 404, Subpart P, App. 2.

Therefore, the Court remands this action to the Administrative Law Judge for the following:

(1) a psychiatric consultative evaluation to include an intelligence test as well as an evaluation of her emotional health;

(2) a determination of whether the Plaintiff's impairments, physical and mental, meet or equal 20 C.F.R. Part 4, Subpart P, App. 1, § 12.05(c),

(3) if the Plaintiff is found not to be disabled under Section 12.05(c), a determination of her ability to perform her past relevant work, considering her exertional and nonexertional impairments;

(4) if the Plaintiff is found not to be able to perform her past work, a determination based upon expert medical and vocational testimony, of her residual functional capacity to perform work that exists in significant numbers in the national economy.

IT IS, THEREFORE, ORDERED that:

(1) The Plaintiff's motion for remand is GRANTED;

(2) The cross-motions for summary judgment are DENIED; and

(3) The Clerk is directed to remand the above-captioned action to the Administrative Law Judge for proceedings consistent with this opinion.